

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RALPH E. DIXON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 3:18-147-MGL-PJG |
| § | |
| H. CLAY CARRUTH, JR., RODERICK M. § | |
| TODD, and JAMES ELMO DAVIS, JR., § | |
| § | |
| Defendants. § | |
| § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This action arises under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 2, 2018. ECF No. 9. On February 13, 2018, the Clerk of Court filed Plaintiff's purported objections to the Report (Plaintiff's Memorandum). ECF No. 11.

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Consequently, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even when construed liberally and in the light most favorable to Plaintiff, Plaintiff's Memorandum fails to set forth any specific objections to the Report. Instead, Plaintiff asserts "every trial on merits must be conducted in open court." ECF No. 11. Any meaningful counter to the well-reasoned conclusions in the Report is absent. Because Plaintiff's Memorandum fails to articulate any specific objection to the Report, the Court need not—and will not—address its content further.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 5th day of March 2018 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.